UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

S. SHARPE SULAYMU-BEY, *as next friends
and on behalf of* N.S. BEY, M.S. BEY, N.A.S. BEY:
and A.S. BEY, *by and through their parents and*
*guardians,* S. SHARPE SULAYMU-BEY and
ALESHIA M. SULAYMU-BEY,

        Plaintiffs,

   -against-

CITY OF NEW YORK; GLADYS CARRION,
*individually and in her capacity as Commissioner*
*of ACS/NYCCS*; SASHA DAWSON, *individually*
*and in her capacity as employee of ACS/NYCSS*;
KATHY ANN BEST, *individually and in her*
*capacity as employee of ACS/NYCSS*; LINDA
CATO, *individually and in her capacity as*
*employee of ACS/NYCSS*; NIKIA WILLIAMS,
*individually and in her capacity as employee of*
*ACS/NYCSS*; JOHN AND JANE DOE POLICE
1-4, inclusive of Sergeant "JOHN' PHIEFER,
*name being fictitious and unknown, individually*
*and in his capacity as employee of New York*
*City Police Dept*; LUCIANA MICHELE,
*individually and as physician,* KINGS COUNTY
HOSPTIAL, *and* HEALTH AND HOSPITALS
CORPORATION,

        Defendants.
-----------------------------------------------------------X

NOT FOR PUBLICATION

**MEMORANDUM & ORDER**
17-CV-3563 (AMD) (VMS)

**FILED**
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ AUG 0 2 2017 ★

BROOKLYN OFFICE

**ANN M. DONNELLY,** United States District Judge:

  On April 24, 2017, the plaintiffs, S. Sharpe Sulaymu-Bey and Aleshia M. Sulaymu-Bey, filed

this *pro se* action against the defendants, challenging the removal from their home of their four minor

daughters. The action was originally filed in the Southern District of New York and was transferred to

this Court on June 13, 2017. (ECF 4.) The plaintiffs bring claims under the First, Fourth, Fifth, Ninth,

and Thirteenth Amendment, as well as various state law claims, and seek injunctive relief and damages.

1

The Court grants the plaintiffs' requests to proceed *in forma pauperis*. The Complaint is dismissed in part as set forth below.

## BACKGROUND

The following is taken from the plaintiffs' complaint and is assumed to be true for the purposes of this Order. The plaintiffs identify as Moorish-Americans and follow the teachings of Islam. (Compl. ¶¶ 5, 8.) On April 24, 2014, the plaintiff, Aleshia M. Sulaymu-Bey, took her four daughters to Kings County Hospital to "receive[] medical check ups." (*Id.* ¶ 32.) The examining physician, Dr. Kim, told the plaintiff that the children were healthy. (*Id.* ¶ 36.) After the examination ended, however, another doctor, Dr. Michele, entered the examination room and questioned the plaintiff's decision to rely on alternative medicine. (*Id.* ¶ 38.) Dr. Michele also told the plaintiff that her youngest daughter was underweight. (*Id.* ¶ 40.)

The next day, four Administration for Children's Services ("ACS") employees—Nikia Williams, Linda Cato, and Kathy Ann Best—along with four police officers, entered the plaintiffs' home without a warrant and removed the four children. (*Id.* ¶ 53.) A removal hearing was scheduled for April 30, 2014. (*Id.* ¶ 65.) It is not clear from the complaint what happened at the hearing or whether the children were returned to the plaintiffs.

The plaintiffs allege that the defendants discriminated against them based on their religious beliefs, and removed their children in violation of their constitutional rights. The plaintiffs also allege that the City of New York has an unconstitutional policy of removing all the children from the home even if only one child is suspected of being abused, and that the City of New York, ACS, Kings County Hospital, and the Health and Hospitals Corporation have failed to properly train employees in child removal cases.

## STANDARD OF REVIEW

Although courts must read *pro se* complaints with "special solicitude" and interpret them to raise the "strongest arguments that they suggest," *Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 474-76 (2d Cir. 2006) (quotations omitted), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl.Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). Similarly, a complaint is insufficient to state a claim "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

Further, under 28 U.S.C. § 1915(e)(2)(B), district courts shall dismiss an *in forma pauperis* complaint action that "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Finally, if the Court "determines at any time that it lacks subject-matter jurisdiction, the Court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

## DISCUSSION

### 1. Claims on behalf of the Minor Children

It is well-settled that a lay person cannot represent another individual—not even his or her own child. *Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990) ("[A] non-attorney parent must be represented by counsel in bringing an action on behalf of his or her child."); *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998) ("[B]ecause *pro se* means to

3

appear for one's self, a lay person may not represent a corporation or a partnership or appear on behalf of his or her own child."). When it is apparent to the Court that a *pro se* plaintiff is suing on behalf of a minor, the Court has a duty to protect the child by *sua sponte* enforcing the prohibition against unauthorized representation. *See Wenger v. Canastota Cent. School Dist.*, 146 F.3d 123, 125 (2d Cir. 1998).

In this case, the four minor children are included as plaintiffs in the case caption. Since the plaintiffs are not lawyers, they cannot bring the action on behalf of their minor children; they must obtain counsel in order to proceed with any claims on their children's behalf. If the plaintiffs fail to obtain a lawyer to represent the minor children within 30 days, the children's claims shall be dismissed without prejudice.

## 2. Section 1983 Claims

Section 1983 provides in pertinent part:

> Every person who, under color of any statute, ordinance regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . ..

42 U.S.C. § 1983. This statute "creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993). In order to maintain a § 1983 action, a plaintiff must show that the defendant (a) acted under color of state law (b) to deprive the plaintiff of a right arising under the Constitution or federal law. *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1984). Here, the plaintiffs named parties

who acted under color of state law and sufficiently alleged deprivations of their constitutional rights.

"Parents . . . have a constitutionally protected interest in the case, custody and management of their children," which is protected by the substantive and procedural safeguards of the Due Process Clause of the Fourteenth Amendment. *See Tenenbaum v. Williams*, 193 F.3d 581, 593 (2d Cir. 1999); *Kia P. v. McIntyre*, 235 F.3d 749, 758-59 (2d Cir. 2000). The procedural safeguards prevent a state actor from depriving a parent of custody of his or her child without a pre-deprivation hearing, unless the child is "immediately threatened with harm." *Tenenbaum*, 193 F.3d at 594. Even when an immediate threat of harm justifies an emergency removal without a hearing, due process requires that the parent have "an opportunity to be heard at a reasonably prompt time after the removal." *Gottlieb v. County of Orange*, 84 F.3d 511, 520 (2d Cir. 1996). The substantive due process safeguards prohibit state seizure of children unless "case workers have a 'reasonable basis' for their findings." *Kia P.*, 235 F.3d at 758-59. Case workers cannot be free "to substantiate a claim of abuse, for instance, by ignoring overwhelming exculpatory information or by manufacturing false evidence." *Wilkinson ex rel. Wilkinson v. Russell*, 182 F.3d 89, 104 (2d Cir. 1999).

The plaintiff's complaint suggests that the defendants violated their due process rights by effecting an emergency removal without evidence of an immediate threat of harm. Furthermore, the plaintiffs allege that Dr. Michele discriminated against them based on their religion when reporting them to ACS. Finally, the plaintiffs allege that the City of New York has an unlawful policy of removing all children from the home, and that Commissioner Gladys Carrion and Kings County Hospital failed to train and supervise their employees. Accordingly, at this stage of the

5

litigation, the plaintiffs have stated "enough facts to state a claim to relief that is plausible on its face."

## CONCLUSION

Accordingly, the Court directs the plaintiffs to obtain counsel for their four minor children listed in the caption within 30 days from the date of this Order. The attorney is to file a notice of appearance on the docket. If the plaintiffs fail to do so, the complaint shall be dismissed, without prejudice, as to the minor children. The adult plaintiffs' complaint shall proceed as to their claims against the defendants.

The Clerk of Court is directed to issue a summons and the United States Marshal Service is directed to serve the following Defendants without prepayment of fees: the City of New York, the Commissioner of ACS, Gladys Carrion, Sasha Dawson, Kathy Ann Best, and Linda Cato, Nikia Williams, employees of ACS, Sergeant John Pheifer, Badge #732, Dr. Luciana Michele, Kings County Hospital, and the Health and Hospitals Corporation.

The plaintiffs also sue three unidentified police officers who were involved in the removal of the children on April 25, 2014. However, the United States Marshals Service will not be able to serve the John Doe defendants without further identifying information. The problem encountered by the plaintiffs is common; it is frequently difficult for a *pro se* litigant to identify individual law enforcement officers. In *Valentin v. Dinkins*, 121 F.3d 72 (2d Cir. 1997) (*per curiam*), the Second Circuit stated that a *pro se* litigant is entitled to assistance from the district court in identifying a defendant.

Accordingly, within 45 days from the date of this Order, the Court requests that Corporation Counsel for the City of New York ascertain the full names of the individuals whom the plaintiffs have identified as police officers John and Jane Doe #2-4, and provide the addresses

where these individuals can be served. Corporation Counsel does not need to defend or indemnify these individuals at this times. This Order merely provides a means by which the plaintiffs may name and properly serve the individuals as instructed by the Second Circuit in *Valentin*. Once this information is provided, the plaintiffs' complaint will be deemed amended to reflect the full name and badge number of these officers. An amended summons shall be issued, and the Court shall direct service on these defendants.

The plaintiffs, who have not yet provided the Court with the defendants' addresses, are directed to submit a letter to the Clerk of Court with the addresses for the remaining defendants within 14 days from the date of this order in order to effect service of process.

The Clerk of Court shall send a copy of this Order to the plaintiffs and to the Corporation Counsel for the City of New York, Special Federal Litigation Division.

The case is referred to the Honorable Vera M. Scanlon, United States Magistrate Judge, for pretrial supervision. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**In Sum, the plaintiffs are to:**

1) **Hire an attorney to represent the four minor children within 30 days or else the children will be dismissed from the complaint; and**
2) **File a letter with the Clerk of Court within 14 days providing the addresses of the defendants so the Court may serve the complaint.**

**SO ORDERED**.

/S/ Judge Ann M Donnelly
_____
ANN M. DONNELLY
United States District Judge

Dated: Brooklyn, New York
      August 2, 2017

7