UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

S. SHARPE SULAYMU-BEY and ALESHIA M. SULAYMU-BEY,

                  Plaintiffs,

    *v.*

CITY OF NEW YORK, GLADYS CARRION, SASHA DAWSON, KATHY ANN BEST, LINDA CATO, NIKIA WILLIAMS, MICHAELANGELO MEDINA; DETECTIVE DAVID SMALL, OFFICER TERRY RILEY, SERGEANT CHARLES PIEFER, LUCIANA MICHELE, KINGS COUNTY HOSPITAL, and HEALTH AND HOSPITALS CORPORATION,

                  Defendants.

**REPORT & RECOMMENDATION**
17-CV-3563-AMD-SJB

**BULSARA, United States Magistrate Judge:**

On October 11, 2019, this Court held a Settlement Conference during which Plaintiffs S. Sharpe Sulaymu-Bey and Aleshia M. Sulaymu-Bey ("Plaintiffs") reached a settlement with the Defendants. (Min. Entry dated Oct. 11, 2019). Plaintiffs were represented by counsel, Mustapha Ndanusa, and the settlement included potential claims of Plaintiffs' four minor children (the "Children"). (*See id.*). The Court set a deadline for the parties to memorialize the terms. (*Id.*).

A written agreement was never finalized or executed. Ndanusa moved to withdraw as counsel, (Mot. for Pre-Mot. Conference dated Oct. 21, 2019 ("Mot. for Pre-Mot. Conference"), Dkt. No. 62); Plaintiffs also moved to rescind the settlement, (Mem. of Law in Supp. of Decl. Rescinding Oral Agreement dated Dec. 4, 2019 ("Pls.' Rescission Mem."), Dkt. No. 73), and to deny Ndanusa a charging lien on any recovery, (Notice of Mot. to Permit Withdrawal of Mustapha Ndanusa and Deny Charging Lien

dated Dec. 4, 2019 ("Pls.' Withdrawal Mot."), Dkt. No.71); and Defendants moved to enforce the settlement, (Defs.' Notice of Mot. to Enforce the Settlement Agreement dated Jan. 10, 2020 ("Defs.' Mot."), Dkt. No. 78). The Honorable Ann M. Donnelly referred the motion to enforce the settlement to the undersigned on February 4, 2020, for a report and recommendation. (Order Referring Mot. dated Feb. 4, 2020).

The Court granted Ndanusa's motion to withdraw at a hearing on September 21, 2020, and indicated that the viability of his charging lien would be resolved following entry of judgment. (Min. Entry and Order dated Sept. 21, 2020). For the reasons outlined below, the Court respectfully recommends that Defendants' motion to enforce the settlement be denied, and Plaintiff's motion to rescind be, therefore, denied as moot.

FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiffs, proceeding *pro se* on behalf of themselves and their Children, commenced this action in the Southern District of New York on April 24, 2017, against the City of New York, five employees of the Administration for Children's Services ("ACS"), New York Health and Hospitals Corporation, Kings County Hospital and one of its doctors, and four New York City Police Department officers. (Federal Compl. Sounding in Pet. for Redress of Grievances filed Apr. 24, 2017, Dkt. No. 3). The Children are minors. (Pls.' Rescission Mem. at 2). In essence, Plaintiffs alleged that ACS, assisted by the police officers, unlawfully removed the Children from their home following a visit to Kings County Hospital. (*See* Am. Federal Compl. Sounding in Pet. for Redress of Grievances dated Dec. 12, 2017 ("Am. Compl."), Dkt. No. 32, ¶¶ 32–60). Plaintiffs alleged that the removal violated their constitutional rights, and they also raised a series of tort claims against the various defendants. (*See generally id.*).

The case was transferred to the Eastern District of New York on June 13, 2017. (Transfer Order dated June 2, 2017, Dkt. No. 4). On August 2, 2017, the Court *sua sponte* ruled that, "[s]ince the plaintiffs are not lawyers, they cannot bring the action on behalf of their minor children" and provided Plaintiffs thirty days to procure counsel or the Children's claims would be dismissed. *Sulaymu-Bey ex rel. N.S. v. City of New York*, No. 17-CV-3563, 2017 WL 3328162, at *2 (E.D.N.Y. Aug. 2, 2017) ("It is well-settled that a lay person cannot represent another individual—not even his or her own child."). Plaintiffs did not obtain counsel at that time, and instead filed an amended Complaint. (*See* Am. Compl.). The amended, and operative, Complaint only asserts claims on behalf of Plaintiffs, not the Children. (*See id.*). Defendants moved for judgment on the pleadings on May 24, 2018. (Mot. for J. on the Pleadings dated May 24, 2018, Dkt. No. 34). The motion was granted in part and denied in part, and the Court ruled that Plaintiffs had sufficiently stated claims that the emergency removal of their Children violated Plaintiffs' procedural due process, Fourth Amendment, and First Amendment rights. *Sulaymu-Bey v. City of New York*, No. 17-CV-3563, 2019 WL 1434597, at *5, *7–8 (E.D.N.Y. Mar. 29, 2019).

On August 1, 2019, attorney Mustapha Ndanusa filed a notice of appearance on behalf of Plaintiffs. (Notice of Appearance dated Aug. 1, 2019 ("Notice of Appearance"), Dkt. No. 60). The notice of appearance indicates that he represents S. Sharpe Sulaymu-Bey and Aleshia M. Sulaymu-Bey and makes no mention of the Children. (*Id.*). The Court held a Settlement Conference on October 11, 2019. (Min. Entry dated Oct. 11, 2019). At the Conference, the parties reached a global settlement resolving both the Plaintiffs' and the Children's claims. (*Id.*). The Plaintiffs reviewed, with this Court, the settlement amounts allocated to each of them and the Children. And, on the record,

3

Ndanusa agreed that his "clients," without specifying that this included the Children, agreed to the terms of the settlement, including the specific amounts allocated to each of the Children.[1]  The Court directed the parties to submit papers for the approval of the Children's portion of the settlement, and otherwise reduce to writing the written terms.

On October 21, 2019, Ndanusa moved to withdraw.  (Mot. for Pre-Mot. Conference).  Plaintiffs separately wrote to the Court to explain that they had discharged Ndanusa.  (Letter dated Oct. 21, 2019, Dkt. No. 63).

On December 4, 2019, Plaintiffs moved to rescind the settlement agreement.  (Pls.' Rescission Mem.).  Plaintiffs stated that Ndanusa "never had authority to represent our daughters" at the Settlement Conference, and that "[a]t no time did Ndanusa inform us that he was representing our daughters['] claims."  (Aff. in Supp. of Mot. Directing the Withdrawal of Mustapha Ndanusa and Obj. and Recission of Agreement dated Dec. 4, 2019, Dkt. No. 71-1, ¶¶ 17, 19).  At a Status Conference on December 5, 2019, Mr. Sulaymu-Bey further explained that

> Ndanusa never informed us that by accepting the settlement . . . that would mean that he would be deemed to be representing our daughters because he told me specifically when I asked him prior to that he had no intent on representing my daughters and on his experience in representing minors is very slim.

(Status Conference Tr. dated Dec. 5, 2019 ("Status Conference Tr."), Dkt. No. 75, at 15:11–:17).

On January 10, 2020, Defendants moved for enforcement of the settlement.  (Defs.' Mot.).  They argue that the settlement reached at the Conference is an

---

[1] The Settlement Conference record is otherwise sealed or was conducted off the record.  (Min. Entry dated Oct. 11, 2019).  As such, the Court does not disclose the amount of the settlement payments, if any, or any of the other material terms of the settlement.

4

enforceable oral agreement and that "Ndanusa had both actual and apparent authority to settle Plaintiffs' and their minor children's claims." (Mem. of Law in Supp. of Defs.' Mot. dated Jan. 10, 2020 ("Defs.' Mem."), Dkt. No. 79, at 8–9, 17). They request that the settlement be enforced against both Plaintiffs and the Children. (*Id.* at 19).

The Honorable Ann M. Donnelly referred the motion to enforce the settlement to the undersigned on February 4, 2020, for a report and recommendation. (Order Referring Mot. dated Feb. 4, 2020).

The Court granted Ndanusa's motion to withdraw as Plaintiffs' counsel at a hearing on September 21, 2020. (Min. Entry and Order dated Sept. 21, 2020).

## DISCUSSION

I.  The Oral Settlement Is Unenforceable

The Court concludes the oral agreement reached at the Settlement Conference is unenforceable.

The Second Circuit "has not resolved the question of whether a district court should apply federal or state law to decide a motion to enforce a settlement" in federal question cases. *Renaissance Search Partners v. Renaissance Ltd.*, No. 12-CV-5638, 2013 WL 6839039, at *3 (S.D.N.Y. Oct. 15, 2013), *report and recommendation adopted in relevant part*, 2013 WL 6840109 (Dec. 13, 2013). "The majority of district courts have applied only federal common law in federal question cases when a motion is filed to enforce an oral settlement agreement." *Id.* There is, however, "no material difference" between New York state law and federal common law on this point. *Ciaramella v. Reader's Digest Ass'n*, 131 F.3d 320, 322 (2d Cir. 1997). Because this is a federal question case, brought pursuant to 42 U.S.C. § 1983, and given the absence of any material difference between the standards, the Court applies federal common law.

5

"It is beyond question that verbal, in-court settlement agreements may be binding and enforceable, although the agreement was never reduced to writing." *Samuel v. Bd. of Educ.*, No. 12-CV-4219, 2015 WL 10791896, at *3 (E.D.N.Y. Aug. 11, 2015), *aff'd*, 668 F. App'x 381 (2d Cir. 2016). When determining whether to enforce a settlement in the absence of a signed writing, courts are

> to consider (1) whether there has been an express reservation of the right not to be bound in the absence of a writing; (2) whether there has been partial performance of the contract; (3) whether all of the terms of the alleged contract have been agreed upon; and (4) whether the agreement at issue is the type of contract that is usually committed to writing.

*Winston v. Mediafare Ent. Corp.*, 777 F.2d 78, 80 (2d Cir. 1985). "No single factor is decisive, but each provides significant guidance." *Ciaramella*, 131 F.3d at 323. "We therefore evaluate each of the *Winston* factors separately . . . and then assess them together." *Shinhan Bank v. Lehman Bros. Holdings Inc. (In re Lehman Bros. Holdings Inc.)*, 739 F. App'x 55, 57 (2d Cir. 2018).

The first factor, "the weightiest of the four," favors enforcement of the oral settlement agreement. *See Samuel*, 2015 WL 10791896, at *3 (quoting *Brady v. N.Y. Police Dep't*, No. 08-CV-3572, 2011 WL 534116, at *1 (E.D.N.Y. Jan. 5, 2011), *report and recommendation adopted*, 2011 WL 534246 (Feb. 7, 2011)). In considering whether any party has reserved the right not to be bound absent a signed writing, courts examine both the oral agreement and whether surrounding "facts and circumstances" implied this reservation. *Pullman v. Alpha Media Publ'g, Inc.*, No. 12-CV-1924, 2014 WL 5043319, at *10 (S.D.N.Y. Mar. 14, 2014), *report and recommendation adopted in relevant part*, 2014 WL 5042250, at *3 (Sept. 10, 2014), *aff'd*, 624 F. App'x 774 (2d Cir. 2015). Even where there are questions about a party's competence—a situation far from

6

this case—this factor favors enforcement absent an express reservation of rights. *See, e.g.*, *Massie v. Metro. Museum of Art*, 651 F. Supp. 2d 88, 95 (S.D.N.Y. 2009).

That the parties intended to execute a subsequent signed agreement does not constitute an implied reservation of rights. *See Pullman*, 2014 WL 5043319, at *10. For example, in *Samuel*, the Court found that the *pro se* plaintiff's failure to "express any desire, explicitly or impliedly, to retain the right to opt out of the oral agreement before memorializing it in writing" on the record following a settlement conference, together with the fact that the presiding Magistrate Judge subsequently "entered a written order memorializing the fact that the parties had reached an agreement and that the case was settled," "weigh[ed] heavily in favor of enforcement." 2015 WL 10791896, at *4. In addition, that a settlement requires court approval also does not constitute a reservation of rights. *See, e.g.*, *Junjiang Ji v. Jling Inc.*, No. 15-CV-4194, 2019 WL 1441130, at *12 (E.D.N.Y. Mar. 31, 2019) (holding that the first *Winston* factor weighed in favor of enforcement even though FLSA settlement required court approval); *Velazquez v. Yoh Servs., LLC*, No. 17-CV-842, 2017 WL 4404470, at *3 (S.D.N.Y. Sept. 25, 2017) (same). Here, the parties did not expressly state any reservation on the record or imply any such reservation by their conduct. This counsels in favor of enforcement, consistent with the principle that settlements stated on the record are "'entitled to substantial deference.'" *Mil'chamot v. N.Y.C. Hous. Auth.*, No. 15-CV-108, 2016 WL 7756626, at *6 (S.D.N.Y. Dec. 20, 2016) (quoting *Pierre v. Chase Inv. Servs. Corp.*, No. 10-CV-1740, 2013 WL 709055, at *3 (S.D.N.Y. Feb. 25, 2013), *aff'd*, 561 F. App'x 71 (2d Cir. 2014)), *report and recommendation adopted*, 2017 WL 151626 (Jan. 12, 2017). That being said, this first factor, while the most important, is not dispositive. *Hand v. N.Y.C. Hous. Pres. & Dev.*, No. 11-CV-1076, 2017 WL 4296751, at *2 & n.3 (E.D.N.Y. Sept. 25, 2017) (adopting

report and recommendation and affirming denial of motion to enforce settlement agreement where first *Winston* factor favored enforcement).

The second factor, whether any party has partially performed, weighs against enforcement. Defendants argue that the cessation of litigation on both sides constitutes partial performance. (Defs.' Mem. at 11–12). However, Plaintiffs have not ceased to litigate: since the Settlement Conference, they have made multiple requests to terminate their counsel (Letter dated Oct. 21, 2019, Dkt. No. 63; Pls.' Withdrawal Mot.; Letter dated May 19, 2020, Dkt. No. 89), requested a hearing on the injunctive relief sought in their Complaint, (Letter dated Feb. 17, 2020, Dkt. No. 89, at 4–6), moved to rescind the settlement agreement (Recission Mem.), and indicated to the Court that they were considering hiring trial counsel, (*see* Min. Entry and Order dated Sept. 21, 2020). There is no other evidence before the Court of partial performance by either side: Plaintiffs have not sought to dismiss any of their claims, no infant compromise order has been provided to the Court, and Defendants have not made any settlement payments. *See, e.g.*, *In re Lehman Bros. Holdings Inc.*, 739 F. App'x at 57 (affirming that the second *Winston* factor weighed against enforcement where "Lehman neither provided Shinhan a release nor sought to dismiss voluntarily its claims before the Bankruptcy Court, its two primary obligations under a settlement"); *Hand*, 2017 WL 4296751, at *3 ("[N]either party has performed any of the three terms of the Preliminary Agreement: the City has not paid Hand $32,000. Hand has not dismissed the case with prejudice, and the parties have not formalized a settlement agreement of any kind."). Thus, the Court finds this factor weighs against settlement enforcement.

The third factor, whether all of the contractual terms were agreed on, also weighs against enforcement. This factor weighs in favor of enforcement only where "there [i]s

8

'literally nothing left to negotiate.'" *Winston*, 777 F.2d at 82 (quoting *R.G. Grp., Inc. v. Horn & Hardart Co.*, 751 F.2d 69, 76 (2d Cir. 1984)). "[T]he existence of even 'minor' or 'technical' points of disagreement in draft settlement documents [a]re sufficient to forestall the conclusion that a final agreement on all terms had been reached." *Ciaramella*, 131 F.3d at 325 (quoting *Winston*, 777 F.2d at 82–83). Where the drafting process has not yet begun, and there are indications such a process would reveal further disagreements, this factor weighs against enforcement. *E.g.*, *Cook v. Huckabey*, No. 07-CV-4467, 2009 WL 3245278, at *6 (E.D.N.Y. Oct. 1, 2009) (denying a motion to enforce a settlement where "the process of reducing the parties' oral understanding to writing had yet to commence" and "this process likely would have revealed additional terms that required the parties' agreement"). Here, the Court acknowledged on the record that there could be disagreements in the drafting process. (Oct. 11, 2019 FTR Log 1:12:05–1:12:37). The Court also indicated that it would hold another Settlement Conference, with attorneys only, in the event of any drafting difficulties. (*Id.* Log 1:12:22–1:12:37). There is also no indication that Defendants ever prepared a draft settlement agreement or transmitted any agreement to Plaintiffs or their then-counsel Ndanusa. (*See* Mot. for Extension of Time to File Infant Compromise Order and Related Settlement Paperwork dated Nov. 4, 2019, Dkt. No. 64; Defs.' Mem.). In other words, there were material elements of the agreement that had not yet been resolved by the respective sides, and both sides expected that draft agreements containing such terms would be exchanged. But that was never done, and this is not a case where there is "nothing left to negotiate." Thus, this third factor weighs against enforcement.

The fourth factor, whether the contract is a type typically memorialized in writing, also weighs against enforcement. "Settlements of any claim are generally

9

required to be in writing or, at a minimum, made on the record in open court." *Ciaramella*, 131 F.3d at 326; *see also, e.g.*, N.Y. C.P.L.R. § 2104 ("An agreement between parties or their attorneys relating to any matter in an action, other than one made between counsel in open court, is not binding upon a party unless it is in a writing subscribed by him or his attorney or reduced to the form of an order and entered."). Defendants argue that the settlement reached is so "straightforward" that it is not typically required to be committed to writing. (Defs.' Mem. at 12–13). However, this overlooks the fact that the settlement required Court approval: as a global resolution it was an agreement to resolve claims of the minor Children, as the Court indicated on the record and in the Minute Order following the Conference. (Min. Entry dated Oct. 11, 2019 ("The motions for approval of the children's settlement must be filed by 11/06/2019." (emphasis omitted))). And any settlement resolving claims of minors requires Court approval. *See* Local Civil Rule 83.2(a) ("An action by or on behalf of an infant or incompetent shall not be settled or compromised, or voluntarily discontinued, dismissed or terminated, without leave of the Court embodied in an order, judgment or decree. The proceeding upon an application to settle or compromise such an action shall conform, as nearly as may be, to the New York State statutes and rules, but the Court, for cause shown, may dispense with any New York State requirement."); *see, e.g.*, *Southerland v. City of New York*, No. 99-CV-3329, 2006 WL 2224432, at *2–3, *5 (E.D.N.Y. Aug. 2, 2006) (noting that "the case law clearly holds that until the Court approves the settlement of infants' claims, the settlement is tentative," and that "New York law provides detailed procedures to be followed before an infant's claim can be settled" and "[a]bsent compliance with these procedures, a settlement may be unenforceable"); *see also Fogle ex rel. Z.R. v. City of New York*, No. 16-CV-5870, 2017

10

WL 10187672, at *2 (E.D.N.Y. Oct. 17, 2017) ("[G]iven that the settlement seeks to resolve the claims on behalf of an infant child, the Court must engage in a searching inquiry[.] . . . In order to assist the court in determining the reasonableness of a settlement involving an infant, New York Civil Procedure Law requires that the parties submit an affidavit from the representative [of that infant.]"). Where a settlement requires Court approval, other courts in this Circuit have found that this factor weighs against enforcement. *See, e.g.*, *Scalia v. Agave Elmwood Inc.*, -- F. Supp. 3d --, No. 17-CV-605, 2020 WL 2044667, at *8 (W.D.N.Y. Apr. 28, 2020) (collecting cases on FLSA collective action settlements in the context of the fourth *Winston* factor); *cf. Mizlou Commc'ns Co. v. Landmark Commc'ns, Inc. (In re Mizlou Commc'ns Co.)*, No. 91-CV-6752, 1993 WL 36158, at *8 (S.D.N.Y. Feb. 10, 1993) (holding that the second *Winston* factor weighs in favor of nonenforcement where the contract required bankruptcy-court approval). To conclude otherwise is only likely to lead to further litigation—potentially *years* in the future, when the Children reach the age of maturity, because the statute of limitations on any of their § 1983 claims is tolled until then. *Koger v. State of New York*, No. 13-CV-7969, 2014 WL 3767008, at *5 (S.D.N.Y. July 31, 2014) ("Plaintiffs were both under age 18 when the alleged conduct occurred; thus, the statute of limitations was tolled until Plaintiffs reached age 18, and the time to file their § 1983 claims extended to three years from that point." (citation omitted)); *Thomas v. New York City*, 814 F. Supp. 1139, 1153 (E.D.N.Y. 1993) (holding that children's § 1983 were tolled under New York law until they reached the age of eighteen); *see* N.Y. C.P.L.R. § 208(a). Binding the Children to an oral agreement (which contains none of the releases or customary protections for an infant compromise order) is a potential poison pill that could emerge a decade from now. *See Sanchez v. MTV Networks*, 525 F. App'x

11

4, 6–7 (2d Cir. 2013) (considering Rule 60 motion to set aside judgment brought by an actress challenging a settlement where "the district court failed to adhere in 'every particular' to New York's procedures for approving infant settlements" (quoting *Neilson v. Colgate-Palmolive Co.*, 199 F.3d 642, 656 (2d Cir. 1999))). "Where, as here, the parties are adversaries and the purpose of the agreement is to forestall litigation, prudence strongly suggests that their agreement be written in order to make it readily enforceable, and to avoid still further litigation." *Winston*, 777 F.2d at 83.

Thus, the Court concludes that the first *Winston* factor weighs in favor of enforcement, while the second, third, and fourth factors weigh against it. In light of the totality of the circumstances, the Court finds the settlement is unenforceable and respectfully recommends that Defendants' motion be denied. *See, e.g.*, *Stewart v. City of New York*, No. 15-CV-7652, 2017 WL 4769396, at *2–5 (S.D.N.Y. Oct. 20, 2017) (declining to enforce settlement agreement in § 1983 action), *report and recommendation adopted*, 2017 WL 5897442 (Nov. 29, 2017).

II.     <u>Any Settlement Cannot Be Enforced Against Unrepresented Minors</u>

Even if the *Winston* analysis favored enforcement, the Court cannot grant Defendants' motion because there are questions whether the Children were ever represented by counsel and could consent to the oral agreement. Even if the Children were properly represented at the Settlement Conference, the Court cannot grant the motion to enforce because the Children are *currently* without counsel.

Rule 17(a)(1) requires that "[a]n action must be prosecuted in the name of the real party in interest." Under subsection (c) of Rule 17, a minor may "sue" in federal court through a "general guardian," such as a parent. Fed. R. Civ. P. 17(c)(1).

However, "it is well established that '[a] person who has not been admitted to the practice of law may not represent anybody other than himself.'" *Bullock v. DSS, CPS, Comm'r*, No. 17-CV-1302, 2018 WL 1115218, at *4 (N.D.N.Y. Jan. 18, 2018) (alteration in original) (quoting *Guest v. Hansen*, 603 F.3d 15, 20 (2d Cir. 2010)), *report and recommendation adopted*, 2018 WL 1111059 (Feb. 26, 2018). In other words, a parent prosecuting the interests of their children must themselves have counsel, *id.*, as this Court already noted: "[i]t is well-settled that a lay person cannot represent another individual—not even his or her own child." *Sulaymu-Bey ex rel. N.S. v. City of New York*, No. 17-CV-3563, 2017 WL 3328162, at *2 (E.D.N.Y. Aug. 2, 2017) (citing *Tse-Ming Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990)).

Here, the course of events suggests that the Children were not represented at the Settlement Conference. Attorney Ndanusa filed a notice of appearance solely on behalf of Plaintiffs. (*See* Notice of Appearance). At the Settlement Conference, he indicated he was appearing on behalf of Plaintiffs, making no mention of the Children. (Oct. 11, 2019 FTR Log 10:55:27 AM–10:56:02 AM). Plaintiffs indicated that they never consented to and did not believe that Ndanusa was representing the Children. (Status Conference Tr. 15:18–16:11). And when Ndanusa filed his motion to withdraw, it was only to withdraw as counsel for Plaintiffs, not the Children. (*See* Mot. to Withdraw as Attorney dated Nov. 14, 2019, Dkt. No. 65).

The only reasonable inference to be drawn is that the Children were not represented by Ndanusa at the Settlement Conference. And as noted above, their parents, the Plaintiffs, are not permitted to prosecute their claims *pro se*. As a result, the Children could not have agreed to the oral settlement that was reached at that Conference. That would not have been a problem had the settlement been reduced to

13

writing and Ndanusa or another lawyer been representing the Children at the time of execution of the written agreement and at the subsequent hearing to approve the necessary infant compromise order. But here, Defendants are attempting to enforce the oral agreement, not a subsequent written agreement presented by counsel representing the Children. To enforce the oral agreement against the Children would be contrary to Rule 17(a)(1) because it would mean enforcement of an agreement reached by individuals who had no authority to act on their behalf in federal court.

Even if this were not an issue, the Children currently do not have counsel, and federal courts may not adjudicate the claims of unrepresented minors. *Berrios v. N.Y.C. Hous. Auth.*, 564 F.3d 130, 134–35 (2d Cir. 2009). Thus, the Court cannot now grant Defendants' motion, because doing so would result in the settlement and dismissal of the Children's claims. "[T]he district court must not reach the merits of a claim filed on behalf of a[ ] . . . person who is not properly represented by a suitable guardian and through counsel." *James v. State of New York*, 415 F. App'x 295, 297 (2d Cir. 2011).

Thus, the Court alternatively recommends Defendants' motion for enforcement be denied because the Children were unrepresented by counsel at the Settlement Conference and are currently unrepresented by counsel.[2]

---

[2] Plaintiffs have intimated they wish to sever the agreement. (Status Conference Tr. 9:24–10:03 (THE COURT: "[You] appear to withdraw consent as to part of the settlement. In other words, the children's component and not the parental component. Is that correct? MR. SULAYMU-BEY: That's correct.")). Defendants do not. (Defs.' Mem.). Regardless, the settlement cannot be enforced solely with respect to Plaintiffs: the oral agreement was a global settlement. (Min. Entry dated Oct. 11, 2019).

## CONCLUSION

For the reasons stated above, it is respectfully recommended that Defendants' motion for settlement enforcement be denied and Plaintiffs' motion to rescind the settlement agreement be denied as moot, since there is no enforceable agreement.

Any objections to the Report and Recommendation above must be filed with the Clerk of the Court within 14 days of receipt of this report. Failure to file objections within the specified time waives the right to appeal any judgment or order entered by the District Court in reliance on this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *see Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate [judge's] report operates as a waiver of any further judicial review of the magistrate [judge's] decision.").

Defendants are directed to serve a copy of this Report and Recommendation on Plaintiffs and file proof of such service on the record.

SO ORDERED.

*/s/ Sanket J. Bulsara* October 13, 2020
SANKET J. BULSARA
United States Magistrate Judge

Brooklyn, New York