UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

S. Sharpe Sulaymu-Bey and Aleisha M. Sulaymu-Bey,

                                                  Plaintiffs,

                      -against-

CITY OF NEW YORK; GLADYS CARRION, individually and in her capacity as Commissioner of ACS/NYCCS, SASHA DAWSON, individually and in her capacity as employee OF ACS/NYCCS, KATHY ANN BEST individually and in her capacity as employee OF ACS/NYCCS, LINDA CATO individually and in her capacity as employee OF ACS/NYCCS, NIKIA WILLIAMS, individually and in her capacity as employee OF ACS/NYCCS, JOHN AND JANE DOES POLICE 1-4, inclusive of Sergeant "JOHN" PHIEFER, name being fictitious and unknown individually and in his capacity as employee OF NEW YORK CITY POLICE DEPT., LUCIANA MICHELE, individually and as physician, KINGS COUNTY HOSPITAL, HEALTH AND HOSPITALS CORPORATION and,

                                                 Defendants.

------------------------------------------------------------------------ x

**DEFENDANTS' OBJECTIONS PURSUANT TO FRCP 72(B) TO THE REPORT AND RECOMMENDATION FILED OCTOBER 13, 2020**

17-CV-3563 (AMD)(SJB)

## PRELIMINARY STATEMENT

Pursuant to Federal Rule of Civil Procedure 72(b) and Local Rule 72.1, defendants Kathy-Ann Best, Nakia Williams, Michaelangelo Medina, David Small, Terry Riley, and Charles Piefer (collectively "Defendants")[1] object to the portions of Magistrate Sanket J. Bulsara's Report and Recommendation ("R&R"), filed October 13, 2020 (Dkt No. 92), denying Defendants' motion to enforce the global settlement agreement reached during a settlement conference before the Magistrate Judge on October 11, 2019.

---

[1] The remaining defendants identified in the caption of the Complaint have been dismissed from the case.

1

Respectfully, the Magistrate Judge erred in finding that (1) "[t]he only reasonable inference to be drawn is that [Plaintiffs' four minor] children were not represented by [Plaintiffs' then-counsel, Mustapha Ndanusa] at the Settlement Conference", where a global settlement was negotiated; and (2) "even if this were not an issue, the children currently do not have counsel, and federal courts may not adjudicate the claims of unrepresented minors".

The Magistrate Judge also erred in finding that the second, third and fourth factors in *Winston v. Mediafare Ent. Corp.*, 777 F.2d 78, 80 (2d Cir. 1985) weigh against enforcement of the oral settlement agreement negotiated at the October 11, 2019 settlement conference and placed on the record following the conference. On this point, the Magistrate Judge erred in finding, with respect to the second *Winston* factor: that "Plaintiffs have not ceased to litigate"; the third factor: that "there were material elements of the agreement that had not yet been resolved by the respective sides"; and the fourth factor: that the settlement agreement was not "straightforward".

The Magistrate Judge further erred in failing to allow Defendants access to the transcript of the October 11, 2019 settlement conference that memorialized the global settlement agreement. *See* Dkt. Entry dated December 6, 2019, and Dkt No. 76; *see also* Defs' Memo of Law at pp. 5-6. This transcript was relevant and necessary to Defendants' motion to enforce the settlement agreement. Confirming its import, the Magistrate Judge repeatedly cited to and quoted from the October 11, 2019 transcript in the R&R. *See* R&R at p. 1 fn 1; p. 9 (citing to Oct. 11, 2019 FTR Log 1:12:05–1:12:37 and Log 1:12:22–1:12:37); and p. 13 (citing Log 10:55:27 AM–10:56:02 AM). As a result, Defendants submitted a letter motion requesting access to the October 11, 2019 transcript for the purpose of making the instant objections to the R&R. *See* Dkt No. 95. The Court granted the request and docketed the transcript under seal. *See* Dkt Entry

2

dated October 20, 2020, and Dkt No. 96. Defendants respectfully request that the Court consider Defendants' arguments that address the transcript and statements therein made by the Court and Mr. Ndanusa, in Plaintiffs' presence, in open court. *See Willgerodt ex rel. Majority Peoples' Fund for the 21st Century v. Hohri*, 953 F. Supp. 557, 560 (S.D.N.Y. 1997) (noting that, under New York law, an oral settlement is binding if made in "open court", such as a transcript that memorializes the "critical litigation events.").

For the foregoing reasons, the R&R should not be adopted, Defendants' objections to the R&R should be accepted, and Defendants' motion to enforce the settlement agreement placed on the record at the October 11, 2019 settlement conference should be granted.

## STANDARD OF REVIEW

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). When specific objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997).

## STATEMENT OF FACTS

For a statement of the relevant facts, the Court is respectfully referred to the Statement of Facts in Defendants' Memorandum of Law in Support of their motion to enforce the settlement agreement (*see* Dkt No. 79 at pp. 2-6), the R&R's Factual Background and Procedural History (*see* R&R at pp. 2-5), and the October 11, 2019 transcript (*see* Dkt No. 96).

## ARGUMENT

### POINT I

**PLAINTIFFS' MINOR CHILDREN WERE REPRESENTED BY COUNSEL FOR THE**

3

> **PURPOSES OF THE SETTLEMENT AGREEMENT NEGOTIATED DURING THE OCTOBER 11, 2019 SETTLEMENT CONFERENCE; THE SETTLEMENT WAS REACHED WITH THE MAGISTRATE JUDGE'S ASSISTANCE AND PLACED ON THE RECORD IN OPEN COURT WITH PLAINTIFFS' CONSENT AND WITHOUT OBJECTION.**

In the R&R, the Magistrate Judge erroneously held that "the Court cannot grant Defendants' motion because there are questions whether the Children were ever represented by counsel and could consent to the oral agreement." R&R at p. 12.

In determining that the "[t]he only reasonable inference to be drawn is that the Children were not represented by Ndanusa at the Settlement Conference", the Magistrate Judge overlooked his own statement made on the record, in open court, following the October 11, 2019 settlement conference where the Magistrate Judge reported that a settlement had been reached, and then confirmed the parameters of the settlement before Plaintiffs and their counsel, without objection from any party, and without any further inquiry from the Court. *See* Oct. 11, 2020 Tr. at 3:3-7 ("I'm pleased to report that a settlement has been reached in the case. I'm making this record for the purpose of the oral record. . . I'm confirming the parameter of the settlement."). In confirming "the settlement terms that the parties have agreed to", the Magistrate Judge identified the amount of each payment to be made by Defendants to each Plaintiff and each child. *Id.* at Tr. 3:8-12. The Magistrate Judge then asked Mr. Ndanusa whether the settlement was "acceptable" to his "clients." *Id*. 3:13-15. Plaintiffs did not voice any objection. *See*, *generally*, *id*. The Magistrate Judge did not voice any objection or pose any inquiry about the scope of Mr. Ndanusa's authority or representation. Indeed, the Magistrate Judge had been intimately involved with and had assisted the parties in the negotiation of their settlement agreement. The

4

Court was also aware that the negotiated settlement would resolve not only the claims of Plaintiffs, but also the claims of their non-party minor children. Indeed, the Court noted on the record that "[b]ecause there are children involved with getting monetary amounts there will have to be, I understand, a motion for an interim (sic) compromise order." *Id*. Again, none of the participants in the settlement negotiation that had just taken place – including Plaintiffs, Plaintiffs' counsel, Mr. Ndanusa, and the Magistrate Judge – voiced any objection or posed any inquiry as to the scope of Mr. Ndanusa's authority or the validity of the settlement negotiated of behalf of the minor children. *See*, *generally*, *id.; see also id.* Tr. 4:25-5:1 (The Court: Anything else? Mr. Ndanusa: Nothing further, Your Honor.)

Significantly, the R&R overlooks statements that the Magistrate Judge made to Plaintiffs during the December 5, 2019 status conference that followed Plaintiffs' change of heart. During that conference, the Magistrate Judge himself stated to Plaintiffs that:

> [Y]our counsel was clearly representing not only you and your spouse, but also your children. And it was a global negotiation. It was a global settlement conference and it was placed on the record. There were particular discussions about your children and how much they would receive.

*See* Dkt No. 80-1 (Exhibit 1 to Marcoccia Declaration attaching the transcript of the status conference held on December 5, 2019) Tr. 11:25-12:3 (hereinafter, the "Dec. 5, 2019 Status Conf. Tr."). In light the Magistrate Judge's entirely correct statement to Plaintiffs on December 5, 2019, it is unclear how the Court can now reasonably find that "the only reasonable inference to be drawn is that the Children were not represented by Ndanusa." R&R at p. 13.

The R&R also cites to, and found persuasive, statements that Plaintiff Sharpe Sulaymu-Bey ("Mr. Sulaymu-Bey") made during the December 5, 2019 status conference. *See* R&R at p. 13 (citing Dec. 5, 2019 Status Conf."). Mr. Sulaymu-Bey's statements – that Plaintiffs never consented to and did not believe that Mr. Ndanusa was representing the children – are self-

5

serving as they were made only after Plaintiffs had a change of heart. The R&R ignores this fact. As such, the Court's reliance on these self-serving after-the-fact statements is problematic, and thus should not be accepted as evidence that the children were not represented by counsel for the purpose of the global settlement negotiated at the October 11, 2019 settlement conference.

The R&R also held that "even if the children were represented by counsel at the settlement conference", the Court "cannot grant the motion to enforce because the children are *currently* without counsel." R&R at p. 12 (emphasis in original). In so holding, the R&R mistakenly considers the circumstances as they exist today (or the date of the R&R), rather than evaluating the circumstances as they existed at the conclusion of the October 11, 2019 settlement conference where, as discussed above, Mr. Ndanusa agreed that settlements terms of the global settlement on the record and in the presence of both Plaintiffs. *See* Oct. 11, 2019 Tr. 3:7-12.

To the extent that the Magistrate Judge relies on its own decision to grant Mr. Ndanusa's request to be relieved as Plaintiffs' counsel as a basis for finding that it can no longer enforce a global settlement against Plaintiffs or the minor children, this determination is problematic. The Court's decision to grant Mr. Ndanusa's motion to be relieved as counsel was issued only weeks ago. *See* Dkt Entry dated September 21, 2020. In such a case, the Court could – and should – have issued a decision on Defendants' motion to enforce to the settlement agreement before addressing Mr. Ndanusa's motion to withdraw.

In any event, as discussed in Defendants' moving papers, the Court has broad discretion to dispense with one or more requirements of Local Civil Rule 83.2(a) (i.e., "Settlement of Actions by or on Behalf of Infants or Incompetents"), and approve the global settlement agreement. The R&R failed to reach this issue or address Defendants' reliance on *Perone v. Nicklas*, which noted that compliance with CPLR 1208 is "merely a ministerial matter." 99

A.D.2d 484, 486, 470 N.Y.S.2d 656 (2d Dept. 1984). Moreover, in approving a global settlement involving Plaintiff parents and their four minor children, the Court would not, as the R&R suggests, be "adjudicating" or "reaching the merits" of the minor children's claims. *See* R&R at p. 14. To that end, the R&R's reliance on *Berrios v. N.Y.C. Hous. Auth.*, 564 F.3d 130, 134–35 (2d Cir. 2009) and *James v. State of New York*, 415 F. App'x 295, 297 (2d Cir. 2011) is misplaced as neither involved the settlement of a minor child's claims, including one negotiated with the assistance of counsel and a Magistrate Judge. *See* R&R at p. 14.

Accordingly, for these reasons, the R&R erred in holding that Plaintiffs' minor children were not represented by counsel for the purposes of the global settlement agreement reached during the October 11, 2019 settlement conference. As the children were represented by counsel at that time, the R&R further erred in holding that only one of the four *Winston* factors weighed in favor of enforcement of the global settlement agreement, as discussed below.

### POINT II

**ALL FOUR WINSTON FACTORS WEIGH IN FAVOR OF ENFORCEMENT OF THE GLOBAL SETTLEMENT NEGOTIATED AT THE OCTOBER 11, 2019 SETTLEMENT CONFERENCE.**

The R&R correctly held that first and "weightiest" factor favors enforcement of the oral settlement agreement placed on the record following the October 11, 2019 settlement conference. *See* R&R at p. 6. The Magistrate Judge erred, however, in concluding that the other three factors weighed against enforcement.

With respect to the second factor, whether any party partially performed, the Magistrate Judge found that Plaintiff did not cease to litigate after the October 11, 2019 settlement conference. *See* R&R at p. 8. In reaching this conclusion, the R&R found persuasive that

7

following the settlement conference Plaintiffs had "made multiple requests to terminate their counsel", "moved to rescind the settlement agreement", "indicat[ed]" that they were "considering" hiring trial counsel, and requested a "hearing on the injunctive relief sought in their complaint". *Id*. at p. 8. Contrary to the R&R's finding, Plaintiffs' letters and motions are not acts of litigation. They did not file a motion for summary judgement. They did not hire trial counsel. They did nothing to move the case forward towards a trial. Plaintiffs' self-serving acts merely reflect their change of heart and newfound desire to rescind the settlement. "Afterthought or change of mind are not sufficient to justify rejecting a settlement." *Willgerodt*, 953 F. Supp. 557 at 560.

The R&R also incorrectly held that the third factor, whether all of the contractual terms were agreed on, weighed against enforcement. *See* R&R at pp. 8-9. The Magistrate Judge found that this factor weighs in favor of enforcement only where there is "literally nothing to litigate". *Id*. at p. 9. But, in this case, there were no other materials left to negotiate. Indeed, even the R&R failed to identify any other material elements that were left unresolved. *See, generally, id.*

Again, the global settlement in this case was limited to monetary sums alone, and those sums were negotiated at the settlement conference with the assistance of Plaintiffs' counsel and the Magistrate Judge. These sums, identified for each Plaintiff and each child on the record, are the sole material elements of the global settlement agreement. S*ee* Oct. 11, 2019 Tr. 3:7 ("I'm confirming the parameter of the settlement."), Tr. 3:8-12 (noting the dollar amounts of each Plaintiff and child's settlement); *see also* Dec. 5 Status Conf. Tr. 11:25-12:5 (where the Magistrate Judge reminded Mr. Sulaymu-Bey that, at the settlement conference, "[t]here were particular discussions about your children and how much they would receive.").

8

Also with respect to the third factor, the R&R held that "where . . . there are indications [] a [drafting] process would reveal further disagreement, this factor weights against enforcement." *See* R&R at p. 9. Defendants do not dispute this principle, but do dispute the R&R's holding that there were any such indications in this case. In support of its finding of such "indications" in this case, the R&R cites to the Magistrate Judge's own statements. In particular, the R&R notes that the Magistrate Judge noted on the record that there "could be disagreements in the drafting process" and that the Magistrate Judge offered to hold another settlement conference to address any drafting difficulties. *Id*. at p. 9. But neither party had indicated that the drafting of settlement papers would likely "reveal further disagreement," or requested such a conference. In fact, the Magistrate Judge noted that "[i]n a couple hundred cases I've only had to [hold a separate settlement conference with just the lawyers to work out any drafting issues] twice." *See* Oct. 11 Tr. 4:18-19. In short, the R&R improperly relied on the Magistrate Judge's own statements as evidence that the third factor weighs against enforcement.

The Court also overlooked evidence that City settlements for monetary relief alone are "quite straightforward", as this Court noted in *Watson v. City of New York,* 11-CV-335, 2012 U.S. Dist. LEXIS 172310 (E.D.N.Y. Oct. 24, 2012). In that case, the Court enforced an oral settlement agreement where (1) no "party expressly reserved their right not to be orally bound"; (2) "the parties did agree to all the relevant and material terms" and "there was nothing further that required negotiation"; and (3) "the agreement was quite straightforward; plaintiff would receive $13,500 in resolution of all her claims against the City. *Id*. at *9-10. There were no complexities or contingencies that needed to be reduced to writing; it was 'a simple exchange of [a release] for termination of the lawsuit, and had no far-reaching effects." *Id*. at *10. So too here: the global settlement had no far-reaching effects and involved no injunctive relief; it

9

consisted of a simple exchange of a release for termination of the lawsuit. Accordingly, for all of the reasons set for above, the third *Winston* factor weighs in favor of enforcement.

Finally, the fourth factor also weighs in favor of enforcement because, as stated above, the terms of the global settlement with the City are straightforward. *See* Oct. 11, 2019 Tr. 3:8-12 ("confirming the parameter of the settlement" and noting the "settlement terms that the parties have agreed to are as follows…"). Additionally, as also discussed above, the Court has broad discretion to dispense with one or more requirements of Local Civil Rule 83.2(a). The R&R held that where a settlement requires approval, this factor weights against enforcement. In support of this proposition, the Court cites to *Scalia v. Agave Elmwood Inc.*, 458 F. Supp. 3d 161, 2020 WL 2044667, at *8 (W.D.N.Y. Apr. 28, 2020), and *Mizlou Commc'ns Co. v. Landmark Commc'ns, Inc. (In re Mizlou Commc'ns Co.*), 91-CV-6752, 1993 U.S. Dist. LEXIS 1454, 1993 WL 36158, at *8 (S.D.N.Y. Feb. 10, 1993). These cases are readily distinguishable, however, as they involve significantly more complicated Chapter 11 bankruptcy filings and FLSA settlements. For these reasons, the fourth *Winston* factor also weighs in favor enforcement.

## CONCLUSION

For the reasons stated above, Defendants' objections to the R&R should be accepted, and Defendants' motion to enforce the oral settlement agreement placed on the record following the October 11, 2019 settlement conference should be granted.

Dated: New York, New York
      October 27, 2020

                                        JAMES E. JOHNSON
                                        Corporation Counsel of the
                                          City of New York
                                        Attorney for Defendants
                                        100 Church Street
                                        New York, New York 10007
                                        (646) 939-7631
                                        ckruk@law.nyc.gov

By:    s/
    Carolyn Kruk
    Assistant Corporation Counsel