UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

S. SHARPE SULAYMU-BEY, ALEISHA M. SULAYMU-BEY,

                          Plaintiffs,

-against-

CITY OF NEW YORK; **GLADYS CARRION**, individually and in her capacity as Commissioner of ACS/NYCCS; **SASHA DAWSON**, individually and in her capacity as employee of ACS/NYCCS; **KATHY ANN BEST**, individually and in her capacity as employee of ACS/NYCCS; **LINDA CATO**, individually and in her capacity as employee of ACS/NYCCS; **NIKIA WILLIAMS**, individually and in her capacity as employee of ACS/NYCCS; **MICHAELANGELO MEDINA; DETECTIVE DAVID SMALL, OFFICER TERRY RILEY**, and **SERGEANT CHARLES PIEFER**, individually and in their capacities as employees of New York City Police Dept.; **LUCIANA MICHELE**, individually and as physician; **KINGS COUNTY HOSPITAL**; and **HEALTH AND HOSPITALS CORPORATION**,

                          Defendants.

**MEMORANDUM & ORDER**
17-cv-3563 (AMD) (SJB)

---

**ANN M. DONNELLY**, United States District Judge:

      The plaintiffs brought this action in 2017 alleging that the defendants unlawfully removed their four minor daughters from their home after a visit to Kings County Hospital; at that time they were representing themselves. In August of 2019, the plaintiffs engaged counsel, and on October 11, 2019, participated in a settlement conference with Magistrate Judge Sanket J. Bulsara during which the parties reached a global settlement that included the claims of the plaintiffs' children. After this conference and before any agreement was committed to writing, the plaintiffs had a falling out with their attorney. They allege that he misinformed them about

1

his attorneys' fees and did not provide adequate representation of their daughters. (*See* ECF No. 72.) On November 14, 2019, the plaintiffs' counsel moved to withdraw, and on December 4, 2019, the plaintiffs moved to rescind the October 11, 2019 oral settlement agreement. (ECF Nos. 65, 73.) The defendants responded by moving to enforce the settlement agreement. (ECF No. 78.) On February 4, 2020, I referred the defendants' motion to enforce the settlement to Judge Bulsara for report and recommendation.

On October 13, 2020, Judge Bulsara recommended that I deny the defendants' motion to enforce the oral settlement agreement. (ECF. No. 92.) He determined that the oral settlement agreement was not binding on the parties because, among other things, there was no partial performance of the agreement, there were still terms to negotiate, and the agreement is a type of contract that is typically committed to writing and submitted to the Court for judicial approval. (*Id.* at 5-12.) Alternatively, Judge Bulsara found that even if the facts favored enforcement of the October 11, 2019 agreement, the Court would be unable to enforce the settlement against the plaintiffs' children because they did not have attorney representation at the October 11, 2019 conference, and did not have counsel to execute the settlement on their behalf or represent their interests in an infant compromise hearing. (*Id.* at 12-14.)

On October 27, 2020, the defendants objected to Judge Bulsara's Report and Recommendation, challenging Judge Bulsara's conclusion that the plaintiffs' children were not represented by counsel at the conference and that the settlement was not binding on the parties. (ECF No. 97 at 2.)[1] The plaintiffs requested that I adopt the Report and Recommendation in its

---

[1] The defendants also object to the fact that Judge Bulsara did not make the transcript of the October 11, 2019 settlement conference available to them until after he issued his Report and Recommendation (ECF No. 97 at 2), but they do not explain whether or how the statements made on October 11, 2019 should change my analysis of the facts. Nonetheless, in conducting a *de novo* review of the record, I will "consider [the] [d]efendants' arguments that address the transcript and statements therein made by the Court and Mr. Ndanusa, in Plaintiffs' presence, in open court." (*Id.* at 3.)

2

entirety. (ECF No. 99.) For the reasons that follow, I adopt the Report and Recommendation in its entirety.

## BACKGROUND

The defendants did not object to the facts and procedural history discussed in the background section of the Report and Recommendation. Thus, I adopt those facts in their entirety.

## LEGAL STANDARD

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). A party's objections must be specific; where a party "makes only conclusory or general objections, or simply reiterates [the] original arguments, the Court reviews the Report and Recommendation only for clear error." *Pall Corp. v. Entegris, Inc.*, 249 F.R.D. 48, 51 (E.D.N.Y. 2008) (quoting *Barratt v. Joie*, No. 96-CV-324, 2002 WL 335014, at *1 (S.D.N.Y. Mar. 4, 2002)). The district judge must evaluate proper objections *de novo* and "may accept, reject, or modify the recommended disposition." Fed. R. Civ. P. 72(b)(3).

"[E]ven in a *de novo* review of a party's specific objections," however, "the court will not consider 'arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance.'" *Brown v. Smith*, No. 09-CV-4522, 2012 WL 511581, at *1 (E.D.N.Y. Feb. 15, 2012) (quoting *Kennedy v. Adamo*, No. 02-CV-1776, 2006 WL 3704784, at *1 (E.D.N.Y. Sept. 1, 2006)) (alterations omitted). Moreover, "the district court is 'permitted to adopt those sections of a magistrate judge's report to which no specific objection is made, so long as those sections are not facially erroneous.'" *Sasmor v. Powell*, No. 11-CV-

3

4645, 2015 WL 5458020, at *2 (E.D.N.Y. Sept. 17, 2015) (quoting *Batista v. Walker*, No. 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995)).

## DISCUSSION

An in-court settlement agreement may be "binding and enforceable," even if "the agreement was never reduced to writing." *Samuel v. Bd. of Educ.*, No. 12-CV-4219, 2015 WL 10791896, at *3 (E.D.N.Y. Aug. 11, 2015), *aff'd*, 668 F. App'x 381 (2d Cir. 2016). To determine whether to enforce a settlement in the absence of a signed writing, courts consider:

> (1) whether there has been an express reservation of the right not to be bound in the absence of a writing; (2) whether there has been partial performance of the contract; (3) whether all of the terms of the alleged contract have been agreed upon; and (4) whether the agreement at issue is the type of contract that is usually committed to writing.

*Winston v. Mediafare Ent. Corp.*, 777 F.2d 78, 80 (2d Cir. 1985). "No single factor is decisive, but each provides significant guidance." *Ciaramella v. Reader's Digest Ass'n, Inc.*, 131 F.3d 320, 323 (2d Cir. 1997).

Neither side objects to Judge Bulsara's finding that the first of the *Winston* factor favors enforcement. Indeed, the record contains no express reservation of the right not to be bound by the oral settlement agreement absent a writing. The defendants object to Judge Bulsara's recommendation that the other three *Winston* factors do not favor enforcement. (ECF No. 97.) Although much of the defendants' objections merely repeat the arguments in their initial brief (ECF No. 79), I have done a *de novo* review of the remaining *Winston* factors and considered the circumstances of this case as a whole. I conclude, as Judge Bulsara did, that the settlement agreement stated on the record at the October 11, 2019 conference is not a binding agreement.

The defendants argue that the second factor weighs in favor of enforcement because the plaintiffs have partially performed under the agreement by ceasing the litigation. I disagree. The settlement conference took place during a natural lull in the litigation—after the close of

4

As they did before Judge Bulsara, the defendants argue that there was "nothing left to negotiate" because the global settlement involved only the monetary amounts read into the record at the settlement conference. (ECF No. 97 at 8.) While they assert that the settlement was "straightforward," the defendants do not address the outstanding infant compromise order, which requires court approval. It appears that the parties left the settlement conference with an understanding that although the main sticking points—the settlement amounts—had been resolved, the actual drafting of the agreement would likely require further negotiation. (*See* ECF No. 96 at 4:11-14 ("The terms of the private settlement between the parents and the defendants, that doesn't need to be filed on the record. And the parties can work out those terms among – between each other.").) In fact, the only term placed on the record at the conference was the settlement amount for each plaintiff (*id.* at 3:8-12); the parties did not agree on the record to a general release of claims, a procedure for enforcing the agreement, or a method of payment for the minor children—all common provisions in an agreement of this type. *See* N.Y. C.P.L.R. § 1206(c) (listing the many ways that funds can be deposited and held to settle claims for an infant). Thus, there were still terms to be negotiated after the October 11, 2019 conference.[2]

Finally, the fourth factor weighs against enforcement. A settlement agreement involving minors is a type of contract that is normally committed to writing and submitted to the court for approval. *See* Local Civil Rule 83.2. The defendants maintain that this is a straightforward settlement, and to the extent that the agreement requires court approval, the court has "broad

---

[2] The defendants argue that an agreement such as the one here, involving a monetary settlement, is "quite straightforward" and cite *Watson v. City of New York*, No. 11-CV-335, 2012 WL 6006066 (E.D.N.Y. Oct. 24, 2012). In *Watson*, the record was clear that "the plaintiff would receive $13,500 in resolution of all of her claims against the City. There were no complexities or contingencies that needed to be reduced to writing; it was 'a simple exchange of [a release] for termination of the lawsuit, and had no far-reaching effects.'" *Id.* at *3 (quoting *Britto v. Salius*, 360 F. App'x 196, 199 (2d Cir. 2010)). This case is different; it involves six plaintiffs, four of whom require court approved infant compromise orders.

discovery but before motions for summary judgment were due. (*See* Minute Entry dated July 15, 2019.) The plaintiffs' counsel informed the court of his intent to withdraw before the summary judgement deadline, and the plaintiffs moved to rescind the settlement a month later. (ECF Nos. 62, 73.) Even if I determined that the plaintiffs' failure to file a summary judgment motion by the November 1, 2019 deadline reflected a "cessation in litigation," courts in this circuit have found that a such a pause "does not weigh for or against enforcing the contract." *Alvarez v. City of New York*, 146 F. Supp. 2d 327, 336 (S.D.N.Y. 2001); *see also Oparah v. The N.Y.C. Dep't of Educ.*, No. 12-CV-8347, 2015 WL 4240733, at *6 (S.D.N.Y. July 10, 2015) (the fact that neither party moved for summary judgment following the settlement conference was "slight evidence" of performance); *Lopez v. City of New York*, 242 F. Supp. 2d 392, 394 (S.D.N.Y. 2003) (the fact that the parties did not resume active litigation after entering into an oral settlement agreement did not weigh for or against enforcement). As Judge Bulsara explained, "Plaintiffs have not sought to dismiss any of their claims, no infant compromise order has been provided to the Court, and Defendants have not made any settlement payments." (ECF No. 92 at 8 (citing *In re Lehman Bros. Holdings Inc.*, 739 F. App'x 55, 57 (2d Cir. 2018) and *Hand v. N.Y.C. Hous. Pres. & Dev.*, No. 11-CV-1076, 2017 WL 4296751, at *3 (E.D.N.Y. Sept. 25, 2017)).) Thus, I agree that the second *Winston* factor weighs against enforcement.

The third factor—whether the parties agreed to all the terms of the contract—weighs in favor of enforcement only where there is "literally nothing left to negotiate." *Winston*, 777 F.2d at 82 (quoting *R.G. Grp., Inc. v. Horn & Hardart Co.*, 751 F.2d 69, 76 (2d Cir. 1984)). "[T]he existence of even 'minor' or 'technical' points of disagreement in draft settlement documents [a]re sufficient to forestall the conclusion that a final agreement on all terms had been reached." *Ciaramella*, 131 F.3d at 325 (quoting *Winston*, 777 F.2d at 82-83).

discretion" to waive the requirements of Rule 83.2. (ECF No. 97 at 10.) However, the Court's power to approve an oral settlement agreement involving minors is not at issue. Even if the court has discretion to enforce this agreement, it does not follow that it should. *See, e.g., Rodney v. City of New York*, No. 13-CV-6179, 2015 WL 1014165, at *2 (E.D.N.Y. Mar. 6, 2015) (quoting Local Civ. R. 83.2(a)(1)) (in approving an infant compromise order, "[t]he court's proceedings must 'conform, as nearly as may be, to the New York State statutes and rules'"); *Camac v. Long Beach City Sch. Dist.*, No. 09-CV-5309, 2013 WL 991355, at *2 (E.D.N.Y. Mar. 13, 2013) (quoting *Allen v. Robert's Am. Gourmet Food, Inc.,* No. 07-CV-2661, 2009 WL 2951980, at *9 (E.D.N.Y. Sept. 8, 2009) ("In determining whether the settlement should be approved, the Court's role is to 'exercise the most jealous care that no injustice be done' to the infant.").

In short, weighing the *Winston* factors and taking into account all of the circumstances of this case, I find that the parties did not enter into a binding settlement agreement.[3]

## CONCLUSION

I adopt Judge Bulsara's thorough and well-reasoned Report and Recommendation in its entirety. The defendants' motion to enforce the October 11, 2019 settlement is denied. The plaintiffs' motion to rescind the settlement is denied as moot.

SO ORDERED.

                                                       s/Ann M. Donnelly
                                                       ANN M. DONNELLY
                                                       United States District Judge

Dated: Brooklyn, New York
        November 16, 2020

---

[3] The defendants also object to Judge Bulsara's conclusion that settlement is unenforceable because the children were not and are not represented by counsel. However, because I have determined that the settlement agreement is not binding under the *Winston* factors, I do not address the alternative argument that the agreement is not enforceable because the minor plaintiffs were unrepresented.